**Daniel CRETER, Appellant**

v.

**COMMISSIONER OF SOCIAL SECURITY, Appellee.**

No. 06–4373.

United States Court of Appeals, Third Circuit.

Argued Dec. 11, 2007.

Filed: Dec. 28, 2007.

Abraham S. Alter (Argued), Langton & Alter, Rahway, NJ, for Appellant.

Andreea L. Lechleitner (Argued), Social Security Administration, Office of General Counsel, Region II, New York, NY, for Appellee.

Before: SLOVITER, AMBRO, Circuit Judges, and RESTANI *, Judge.

* Honorable Jane A. Restani, Chief Judge of the   United States Court of International Trade,

OPINION

RESTANI, Judge.

This is an appeal from a judgment of the United States District Court for the District of New Jersey denying Appellant Daniel Creter's appeal to that court from a final decision of the Commissioner of the Social Security Administration ("Commissioner"). The Commissioner determined that Creter was not eligible for Social Security disability insurance benefits.

Creter received disability benefits following a motorcycle accident in 1991. The benefits were terminated in 1995 based on medical improvement. We conclude that the Commissioner sustained her burden of demonstrating that Creter's medical condition had improved. Further, the Administrative Law Judge's ("ALJ") determination that there were significant jobs available in the national and regional economy that Creter could perform was based on substantial evidence.

■ There is considerable medical evidence in the record and it seems clear that Creter's injured leg finally knitted after surgery, although the ALJ accepted that Creter continued to have some pain and serious problems relating to fractures in his non-dominant hand. Accordingly, the ALJ found Creter to have an impairment or combination of impairments rated as severe. Nonetheless, based on objective and substantial evidence, the ALJ rejected Creter's claim of total medical disability due to pain and attendant inability to concentrate, and instead found that Creter was limited to sedentary work that does not require more than occasional fine or gross manipulation of his non-dominant hand.

■ There was no dispute before the ALJ that Creter could not return to his former work as a fork lift operator. It

was also undisputed that he was not a high school graduate, and that he had no computer training. Thus, the question remaining was whether there was any job in the national or regional economy that Creter could perform. Based on the testimony of a vocational expert, the ALJ concluded that such a job existed, i.e., that of surveillance system monitor. Given the substantially supported findings of the ALJ as to Creter's medical condition and level of disability, the hypotheticals utilized by the ALJ in questioning the vocational expert were not improper. We also conclude the vocational expert was sufficiently qualified to render an opinion about the availability of the job of surveillance system monitor.

We will affirm the judgment of the District Court.